

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-7-2007

# Johnson v. Ind Blue Cross

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1811

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Johnson v. Ind Blue Cross" (2007). *2007 Decisions.* Paper 462.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/462

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 06-1811

————

KIMBERLY P. JOHNSON; Personal Representative of the Estate of Sandra S. Lobb,
deceased; KRISTEN S. McDERMOTT, individually,

Appellants

v.

INDEPENDENCE BLUE CROSS; CALVIN B. JOHNSON, Pennsylvania Secretary of
Health, M. DIANE KOKEN, Pennsylvania Insurance Commissioner; CHESTER
COUNTY HOSPITAL, and STATE OF PENNSYLVANIA DEPARTMENT OF
HEALTH,

Appellees.

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-2536)

District Judge: Honorable Lawrence F. Stengel

————

Submitted Under Third Circuit LAR 34.1(a),
April 24, 2007

Before: SCIRICA, Chief Judge, FUENTES, and ALARCÓN,* Circuit Judges.

(Filed:  September 7, 2007)

———

* The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

———————

OPINION

———————

FUENTES, <u>Circuit Judge</u>.

Appellants Kimberly Johnson and Kristen McDermott brought suit against

Independence Blue Cross (IBC), Chester County Hospital (the Hospital), and

Pennsylvania officials, alleging that certain state-mandated language in contracts between

IBC and medical providers is unconstitutional. Johnson and McDermott now appeal the

District Court's order dismissing their claims pursuant to Federal Rule of Civil Procedure

12(b)(6). The District Court held that the claims were time-barred, res judicata, barred by

the <u>Rooker-Feldman</u> doctrine, and that McDermott lacked standing. Inasmuch as we write

only for the parties, who are familiar with the facts, we will not set forth the background of

the case at length.

Briefly, Sandra Lobb died of kidney failure caused by cirrhosis of the liver on

February 1, 1999. About two and a half years earlier, in July of 1997, Lobb had been

admitted to Chester County Hospital and diagnosed with alcohol pancreatitis and hepatitis

alcohol ketoacidosis. Lobb's daughters, Johnson and McDermott, allege that at that time,

IBC refused to approve inpatient or residential care for Lobb, and further refused to permit

Lobb's family to pay independently for such care, pursuant to a state-mandated hold

<u>harmless clause included in all IBC contracts with medical providers.</u>[1]

[1] The relevant clause provides:

2

We exercise plenary review over the District Court's 12(b)(6) dismissal. See Miller v. Fortis Benefits Ins. Co., 475 F.3d 516, 519 (3rd Cir. 2007). After a careful review of the briefs and appendices submitted by the parties, we find no basis for disturbing the District Court's ruling. Most importantly, Appellants have not shown why this action is not time-barred.

Appellants acknowledge that their claim was untimely, but argue that the two-year statute of limitations for their claims should be equitably tolled from February 1999, when Lobb died, until September 2004, when IBC made certain statements in an unrelated matter before the Pennsylvania Commonwealth Court.[2] These statements prompted Appellants to "reread IBC's contract with [medical providers]," Compl. § 46, at which point they determined that the contract's hold harmless provision was unconstitutional, see Appellants' Br. at 17. Appellants claim they could not have made such a determination prior to September 2004, due to IBC's "clear and deliberate efforts to withhold

---

> In no event including, but not limited to, non-payment by the plan, plan insolvency, or a breach of contract, shall the provider bill, charge, collect a deposit from, seek compensation or reimbursement from, or have any recourse against the enrollee or persons other than the plan acting on the behalf of the enrollee for services listed in this agreement. This provision does not prohibit collecting supplemental charges or co-payments in accordance with the terms of the applicable agreement between the plan and the enrollee.

28 Pa. Code § 9.722(e)(1)(iii).

[2] IBC allegedly stated that it had the authority to "overrule the medical judgment of licensed physicians." (Appellants' Br. at 21).

information on its provider contract." Appellants' Br. at 22-23. The record in this case indicates, however, that Appellants had actual knowledge of the hold harmless provision in IBC's provider contract, as well as their injury, well prior to September 2004.[3] Thus, even if IBC concealed or misrepresented the provision, equitable tolling does not apply: "[T]he fraudulent concealment doctrine does not toll the statute of limitations where the plaintiff knew or should have known of his claim despite the defendant's misrepresentation or omission." Bohus v. Beloff, 950 F.2d 919, 925-26 (3rd Cir. 1991).

For this reason, and because we also agree with the District Court's determination that McDermott lacks standing to assert her claims, we will affirm.

---

[3] See, e.g., Compl. ¶ 47 ("Plaintiffs had earlier read . . . IBC's provider contract," but had been informed and believed the hold harmless provision was "solely for protection of a subscriber from double billing or balance billing"); id. at ¶ 25 (alleging that Hospital told Appellants, in August 1997, that "IBC's contract with the hospital barred the hospital from accepting any form of payment from the Lobbs").